1  McGREGOR W. SCOTT
   United States Attorney
2  ANTONIO J. PATACA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              CASE NO.  1:20-CR-00196-NONE-SKO

12 |                     Plaintiff,         STIPULATION REGARDING EXCLUDABLE
   |                                        TIME PERIODS UNDER SPEEDY TRIAL ACT;
   |            v.                           FINDINGS AND ORDER
13 |
   | SHAWN DARNYEL MATTHEWS,                DATE: January 20, 2021
14 |                                        TIME: 2:00 p.m.
   |                     Defendant.         COURT: Hon. Erica P. Grosjean
15

16
        This case is set for a status conference on January 20, 2021.  On May 13, 2020, this Court issued
17
   General Order 618, which suspends all jury trials in the Eastern District of California until further
18
   notice, and allows district judges to continue all criminal matters.  This and previous General Orders
19
   were entered to address public health concerns related to COVID-19.
20
        Although the General Orders address the district-wide health concern, the Supreme Court has
21
   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive
22
   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.
23
   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no
24
   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at
25
   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
26
   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
27
   or in writing").
28
        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

   STIPULATION REGARDING EXCLUDABLE TIME                      1
   PERIODS UNDER SPEEDY TRIAL ACT

1   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

2   justice continuances are excludable only if "the judge granted such continuance on the basis of his

3   findings that the ends of justice served by taking such action outweigh the best interest of the public and

4   the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

5   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

6   the ends of justice served by the granting of such continuance outweigh the best interests of the public

7   and the defendant in a speedy trial."  *Id.*

8       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

9   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

10  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

11  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

12  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

13  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

14  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

15  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

16  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

17      In light of the societal context created by the foregoing, this Court should consider the following

18  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

19  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

20  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

21  pretrial continuance must be "specifically limited in time").

22                                  **STIPULATION**

23      Plaintiff United States of America, by and through its counsel of record, and defendant, by and

24  through defendant's counsel of record, hereby stipulate as follows:

25      1.      By previous order, this matter was set for status on January 20, 2021.

26      2.      By this stipulation, defendant now moves to continue the status conference until February

27

---

28  [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  17, 2021, and to exclude time between January 20, 2021, and February 17, 2021, under 18 U.S.C. §

2  3161(h)(7)(A).

3       3.     The parties agree and stipulate, and request that the Court find the following:

4       a)     The government has represented that the discovery associated with this case

5  includes investigative reports and related documents in electronic form, videos, photographs, and

6  digital evidence.  All of this discovery has been either produced directly to counsel and/or made

7  available for inspection and copying.

8       b)     Counsel for defendant desires additional time to review discovery, consult with

9  her client, and discuss potential resolutions with her client.

10       c)     Counsel for defendant believes that failure to grant the above-requested

11  continuance would deny her the reasonable time necessary for effective preparation, taking into

12  account the exercise of due diligence.

13       d)     The government does not object to the continuance.

14       e)     Based on the above-stated findings, the ends of justice served by continuing the

15  case as requested outweigh the interest of the public and the defendant in a trial within the

16  original date prescribed by the Speedy Trial Act.

17       f)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

18  et seq., within which trial must commence, the time period of January 20, 2021 to February 17,

19  2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

20  T4] because it results from a continuance granted by the Court at defendant's request on the basis

21  of the Court's finding that the ends of justice served by taking such action outweigh the best

22  interest of the public and the defendant in a speedy trial.

23       4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the

24  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

25  must commence.

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1          IT IS SO STIPULATED.

2

3

4    Dated:  January 12, 2021                    McGREGOR W. SCOTT
                                                 United States Attorney

5

6                                                /s/ ANTONIO J. PATACA
                                                 ANTONIO J. PATACA
7                                                Assistant United States Attorney

8
     Dated:  January 12, 2021                    /s/ JAYA C. GUPTA
9                                                JAYA C. GUPTA
                                                 Counsel for Defendant
10                                               SHAWN DARNYEL
                                                 MATTHEWS
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME               4
PERIODS UNDER SPEEDY TRIAL ACT

**ORDER**

1

2      IT IS ORDERED that the hearing set for January 20, 2021, at 2 pm is continued until

3   February 17, 2021, for a status conference.

4      IT IS FURTHER ORDERED THAT the period of time from January 20, 2021, through

5   February 17, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv)

6   because it results from a continuance granted by the Court at defendants' request on the basis of

7   the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

8   public and the defendant in a speedy trial.

9

10   IT IS SO ORDERED.

11      Dated:   **January 12, 2021**        /s/ _Erica P. Grosjean_

12                                          UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT                              5